RUTAN & TUCKER, LLP
Philip D. Kohn (State Bar No. 90158)
 City Attorney, City of Laguna Beach
 pkohn@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: (714) 641-5100
Facsimile: (714) 546-9035

Attorneys for Defendants CITY OF
LAGUNA BEACH, LAGUNA BEACH
POLICE DEPARTMENT and CITY COUNCIL
OF THE CITY OF LAGUNA BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| MARK SIPPRELLE; HELENE AYRES; FELIPE RUIZ; ROBERT CARMICHAEL; and PAUL ISHAK,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAGUNA BEACH; LAGUNA BEACH POLICE DEPARTMENT; and CITY COUNCIL OF THE CITY OF LAGUNA BEACH,<br><br>Defendants. | Case No. SACV 08-1447 CJC (AGRx)<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT** |

TO THE HONORABLE COURT:

Defendants City of Laguna Beach, the Laguna Beach Police Department and the City Council of the City of Laguna Beach (collectively, the "City Defendants"), for themselves and no others, hereby answer the Complaint on file in this action and admit, deny and allege as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, the City Defendants deny that they have caused a deprivation, under color of state authority, of rights, privileges and immunities secured by the United

States Constitution and/or federal statutes. The City Defendants admit the remaining allegations contained in paragraph 1.

2. In response to the allegations contained in paragraph 2 of the Complaint, the City Defendants deny that they have instituted and implemented unlawful and discriminatory policies. The City Defendants admit the remaining allegations contained in paragraph 2.

3. In response to the allegations contained in paragraph 3 of the Complaint, the City Defendants admit the allegations.

4. In response to the allegations contained in paragraph 4 of the Complaint, the City Defendants lack information or belief sufficient to admit or deny the allegation that "Laguna is one of the most affluent communities in the United States" and, on that basis, deny the allegation. The City Defendants allege that the affluence of a community has no bearing on the financial condition of the local government serving that community. The City Defendants deny the remaining allegations contained in paragraph 4.

5. In response to the allegations contained in paragraph 5 of the Complaint, the City Defendants allege the contents of Complaint speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 5.

6. In response to the allegations contained in paragraph 6 of the Complaint, the City Defendants lack information or belief sufficient to admit or deny the allegations and, on that basis, deny the allegations.

7. In response to the allegations contained in paragraph 7 of the Complaint, the City Defendants admit that the City of Laguna Beach is a municipal entity organized under the laws of the State of California, with the capacity to sue and be sued. The City Defendants further admit that the City of Laguna Beach is the legal entity responsible for the official actions of the Laguna Beach Police

Department and its officials, agents and employees. The City Defendants allege that the Laguna Beach Police Department is not a separate legal entity. The City Defendants allege the contents of Complaint speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 7.

8. In response to the allegations contained in paragraph 8 of the Complaint, the City Defendants admit that the Laguna Beach Police Department provides law enforcement services in the City of Laguna Beach and enforces certain provisions of the Laguna Beach Municipal Code. Except as hereinabove expressly admitted, the City Defendants deny the remaining allegations contained in paragraph 8.

9. In response to the allegations contained in paragraph 9 of the Complaint, the City Defendants admit that the City Council of the City of Laguna Beach consists of elected officials who institute certain City policies, and that the City Council is responsible for enacting and repealing City ordinances. The City Defendants allege the contents of Complaint speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 9.

10. In response to the allegations contained in paragraph 10 of the Complaint, the City Defendants deny the allegations.

11. In response to the allegations contained in paragraph 11 of the Complaint, the City Defendants lack information or belief sufficient to admit or deny the allegations and, on that basis, deny the allegations.

12. In response to the allegations contained in paragraph 12 of the Complaint, the City Defendants lack information or belief sufficient to admit or deny the allegations and, on that basis, deny the allegations.

13. In response to the allegations contained in paragraph 13 of the Complaint, the City Defendants deny the allegations.

14. In response to the allegations contained in paragraph 14 of the Complaint, the City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 14.

15. In response to the allegations contained in paragraph 15 of the Complaint, the City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 15.

16. In response to the allegations contained in paragraph 16 of the Complaint, the City Defendants allege the contents of the referenced newspaper article speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 16.

17. In response to the allegations contained in paragraph 17 of the First Amended Complaint, the City Defendants admit that the City Council adopted the fourteen recommendations of the City of Laguna Beach Homeless Task Force. The City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 17.

18. In response to the allegations contained in paragraph 18 of the Complaint, the City Defendants admit that the members of the City of Laguna Beach Homeless Task Force include the current Mayor of the City of Laguna Beach, a former Mayor, three members of the City of Laguna Beach Housing and Human

Services Committee and community representatives. The City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 18.

19. In response to the allegations contained in paragraph 19 of the Complaint, the City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 19.

20. In response to the allegations contained in paragraph 20 of the Complaint, the City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 20.

21. In response to the allegations contained in paragraph 21 of the Complaint, the City Defendants allege that the City provides financial and other assistance for transitional and emergency shelter in the community, including without limitation cold weather facilities. The City Defendants are informed and believe and, on that basis, admit there are certain standards associated with the operation of the cold weather facilities. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 21.

22. In response to the allegations contained in paragraph 22 of the Complaint, the City Defendants are informed and believe and, on that basis, admit that the Friendship Shelter is a private non-profit organization that provides approximately thirty-one beds and that has certain requirements for its residents

relating to, without limitation, interviews, waiting lists and drug and alcohol use. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 22 and, on that basis, deny the allegations.

23. In response to the allegations contained in paragraph 23 of the Complaint, the City Defendants deny that that the Friendship Shelter's beds do not afford meaningful alternative sleeping accommodations for homeless individuals. The City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 23 and, on that basis, deny the allegations.

24. In response to the allegations contained in paragraph 24 of the Complaint, the City Defendants allege that the contents of the City's official website speak for themselves and deny each allegation inconsistent therewith. The City Defendants deny that the City refuses to provide assistance for transitional housing and related services. Except as hereinabove expressly alleged, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 24 and, on that basis, deny the allegations.

25. In response to the allegations contained in paragraph 25 of the Complaint, the City Defendants admit that the City Council adopted the fourteen recommendations of the City of Laguna Beach Homeless Task Force. The City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly admitted and alleged, the City Defendants deny the remaining allegations contained in paragraph 25.

26. In response to the allegations contained in paragraph 26 of the Complaint, the City Defendants deny the allegations.

27. In response to the allegations contained in paragraph 27 of the Complaint, the City Defendants deny the allegations.

28. In response to the allegations contained in paragraph 28 of the Complaint, the City Defendants allege the contents of the Laguna Beach Municipal Code speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 28.

29. In response to the allegations contained in paragraph 29 of the Complaint, the City Defendants allege the contents of the referenced newspaper article speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the remaining allegations contained in paragraph 29 fail to set forth information sufficient to admit or deny them and, on that basis, the City Defendants deny the allegations.

30. In response to the allegations contained in paragraph 30 of the Complaint, the City Defendants alleges that the provisions of the Laguna Beach Municipal Code speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the remaining allegations contained in paragraph 30 fail to set forth information sufficient to admit or deny them and, on that basis, deny the allegations.

31. In response to the allegations contained in paragraph 31 of the Complaint, the City Defendants admits that Laguna Beach Municipal Code section 18.04.020 has not been officially repealed. Except as hereinabove expressly admitted, the City Defendants deny the remaining allegations contained in paragraph 31.

32. In response to the allegations contained in paragraph 32 of the Complaint, the City Defendants allege that from and after February of 2008, the City voluntarily refrained from issuing citations for violations of Laguna Beach Municipal Code section 18.04.020. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 32.

33. In response to the allegations contained in paragraph 33 of the

Complaint, the City Defendants deny the allegations. In addition, the City Defendants object to the attempted use of confidential settlement communications as admissions; otherwise, the City Defendants would allege certain admissions made by some of the legal counsel for Plaintiffs.

34. In response to the allegations contained in paragraph 34 of the Complaint, the City Defendants allege that the City has rescinded or dismissed citations issues for violations of Laguna Beach Municipal Code section 18.04.020. Except as hereinabove expressly alleged, the remaining allegations contained in paragraph 34 fail to set forth information sufficient to admit or deny them and, on that basis, the City Defendants deny the allegations.

35. In response to the allegations contained in paragraph 35 of the Complaint, the City Defendants admits that a Laguna Beach police officer has been designated as a Community Outreach Officer in connection with homelessness issues. Except as hereinabove expressly admitted, the City Defendants deny the remaining allegations contained in paragraph 35.

36. In response to the allegations contained in paragraph 36 of the Complaint, the City Defendants deny the allegations.

37. In response to the allegations contained in paragraph 37 of the Complaint, allegations fail to set forth information sufficient to admit or deny them and, on that basis, the City Defendants deny the allegations.

38. In response to the allegations contained in paragraph 38 of the Complaint, the City Defendants allege the contents of the City of Laguna Beach Homeless Task Force Final Recommendations speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 38.

39. In response to the allegations contained in paragraph 39 of the Complaint, the City Defendants deny the allegations.

40. In response to the allegations contained in paragraph 40 of the

Complaint, the City Defendants allege that the contents of the Assistant City Manager's report speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 40.

41. In response to the allegations contained in paragraph 41 of the Complaint, the City Defendants lack information or belief sufficient to admit or deny the allegations and, on that basis, deny the allegations.

42. In response to the allegations contained in paragraph 42 of the Complaint, the City Defendants are informed and believe and, on that basis, admit that Mark Sipprelle is a homeless individual who has identified the City of Laguna Beach as his place of residence. The City Defendants admit that Mark Sipprelle has in the past been cited for violating Laguna Beach Municipal Code section 18.04.020. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 42 and, on that basis, deny the allegations.

43. In response to the allegations contained in paragraph 43 of the Complaint, the City Defendants are informed and believe and, on that basis, admit that Helene Ayres is a 65-year-old homeless individual who has identified the City of Laguna Beach as her place of residence. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 42 and, on that basis, deny the allegations.

44. In response to the allegations contained in paragraph 44 of the Complaint, the City Defendants deny that Helene Ayres has been harassed by Laguna Beach Police Department officers. The City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 44 and, on that basis, deny the allegations.

45. In response to the allegations contained in paragraph 45 of the

Complaint, the City Defendants are informed and believe and, on that basis, admit that Felipe Ruiz is a 47-year-old homeless individual who has identified the City of Laguna Beach as his place of residence. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 45 and, on that basis, deny the allegations.

46. In response to the allegations contained in paragraph 46 of the Complaint, the City Defendants deny the allegations.

47. In response to the allegations contained in paragraph 47 of the Complaint, the City Defendants are informed and believe and, on that basis, admit that Robert Carmichael is a 52-year-old homeless individual who has identified the City of Laguna Beach as his place of residence. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 47 and, on that basis, deny the allegations.

48. In response to the allegations contained in paragraph 48 of the Complaint, the City Defendants admit that Robert Carmichael has in the past been cited for violating Laguna Beach Municipal Code section 18.04.020. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 48 and, on that basis, deny the allegations.

49. In response to the allegations contained in paragraph 49 of the Complaint, the City Defendants are informed and believe and, on that basis, admit that Paul Ishak is a 32-year-old individual. Except as hereinabove expressly admitted, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 49 and, on that basis, deny the allegations.

50. In response to the allegations contained in paragraph 50 of the

1  Complaint, the City Defendants lack information or belief sufficient to admit or
2  deny the allegations and, on that basis, deny the allegations.
3       51. In response to the allegations contained in paragraph 51 of the
4  Complaint, the City Defendants lack information or belief sufficient to admit or
5  deny the allegations and, on that basis, deny the allegations.
6       52. In response to the allegations contained in paragraph 52 of the
7  Complaint, the City Defendants lack information or belief sufficient to admit or
8  deny the allegations and, on that basis, deny the allegations.
9       53. In response to the allegations contained in paragraph 53 of the
10 Complaint, the City Defendants lack information or belief sufficient to admit or
11 deny the allegations and, on that basis, deny the allegations.
12      54. In response to the allegations contained in paragraph 54 of the
13 Complaint, the allegations fail to set forth information sufficient to admit or deny
14 them and, on that basis, the City Defendants deny the allegations.
15      55. In response to the allegations contained in paragraph 55 of the
16 Complaint, the allegations fail to set forth information sufficient to admit or deny
17 them and, on that basis, the City Defendants deny the allegations.
18      56. In response to the allegations contained in paragraph 56 of the
19 Complaint, the City Defendants deny the allegations.
20      57. In response to the allegations contained in paragraph 57 of the
21 Complaint, the City Defendants deny the allegations.
22      58. In response to the allegations contained in paragraph 58 of the
23 Complaint, the allegations fail to set forth information sufficient to admit or deny
24 them and, on that basis, the City Defendants deny the allegations.
25      59. In response to the allegations contained in paragraph 59 of the
26 Complaint, the City Defendants lack information or belief sufficient to admit or
27 deny the allegations and, on that basis, deny the allegations.
28      60. In response to the allegations contained in paragraph 60 of the

Complaint, the City Defendants admit that photographs have been taken of areas that are or have been occupied by homeless individuals, which photographs may depict one or more persons, although the City Defendants allege that the identities of such persons is not uniformly ascertainable. The City Defendants allege that no persons have been improperly photographed. Except as hereinabove expressly admitted and alleged, the City Defendants lack information or belief sufficient to admit or deny the remaining allegations contained in paragraph 60 and, on that basis, deny the allegations.

61. In response to the allegations contained in paragraph 61 of the Complaint, the City Defendants allege that from and after February of 2008, the City voluntarily refrained from issuing citations for violations of Laguna Beach Municipal Code section 18.04.020. Except as hereinabove expressly alleged, the remaining allegations contained in paragraph 61 fail to set forth information sufficient to admit or deny them and, on that basis, the City Defendants deny the allegations.

62. In response to the allegations contained in paragraph 62 of the Complaint, the City Defendants refer to, reallege and incorporate herein by this reference the responses set forth above in paragraphs 1 through 61 as if fully set forth herein.

63. In response to the allegations contained in paragraph 63 of the Complaint, the City Defendants deny the allegations.

64. In response to the allegations contained in paragraph 64 of the Complaint, the City Defendants refer to, reallege and incorporate herein by this reference the responses set forth above in paragraphs 1 through 61 as if fully set forth herein.

65. In response to the allegations contained in paragraph 65 of the Complaint, the City Defendants deny the allegations.

66. In response to the allegations contained in paragraph 66 of the

Complaint, the City Defendants refer to, reallege and incorporate herein by this reference the responses set forth above in paragraphs 1 through 61 as if fully set forth herein.

67. In response to the allegations contained in paragraph 67 of the Complaint, the City Defendants deny the allegations.

68. In response to the allegations contained in paragraph 68 of the Complaint, the City Defendants refer to, reallege and incorporate herein by this reference the responses set forth above in paragraphs 1 through 61 as if fully set forth herein.

69. In response to the allegations contained in paragraph 69 of the Complaint, the City Defendants deny the allegations.

70. In response to the allegations contained in paragraph 70 of the Complaint, the City Defendants refer to, reallege and incorporate herein by this reference the responses set forth above in paragraphs 1 through 61 as if fully set forth herein.

71. In response to the allegations contained in paragraph 71 of the Complaint, the City Defendants allege the contents of the referenced federal statutes speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 71.

72. In response to the allegations contained in paragraph 72 of the Complaint, the City Defendants allege the contents of the referenced federal statute speak for themselves and deny each allegation inconsistent therewith. Except as hereinabove expressly alleged, the City Defendants deny the remaining allegations contained in paragraph 72.

73. In response to the allegations contained in paragraph 73 of the Complaint, the City Defendants deny the allegations.

74. In response to the allegations contained in paragraph 74 of the

Complaint, the City Defendants deny the allegations.

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and distinct affirmative defense, the City Defendants allege that the Complaint fails to state a claim upon which relief can be granted or sufficient facts to constitute a claim for relief against the City Defendants, or any of them.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and distinct affirmative defense, the City Defendants alleges that Plaintiffs' constitutional and statutory rights were not violated by the City Defendants, or any of them.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and distinct affirmative defense, the City Defendants allege that the City of Laguna Beach does not have an official policy, pattern, custom or practice of engaging in the deprivation of constitutional or statutory rights as alleged by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others lack the requisite standing to obtain such relief.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others have failed to exhaust their available judicial remedies.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others are barred by the doctrine of issue preclusion.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others have failed to exhaust their available administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others have failed to take all reasonable steps to avoid, prevent or mitigate their alleged injuries.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent they and/or others are barred by reason of the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and distinct affirmative defense, the City Defendants allege that Plaintiffs are not entitled to the relief sought to the extent that the City Defendants, or any of them, are entitled to immunity and other privileges under applicable federal and state law, including but not limited to the federal Civil Rights Act, the California Penal Code and the California Government Claims Act.

WHEREFORE, Defendants CITY OF LAGUNA BEACH, LAGUNA BEACH POLICE DEPARTMENT and CITY COUNCIL OF THE CITY OF LAGUNA BEACH pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That judgment be entered in favor of the City Defendants;
3. That the City Defendants be awarded their costs of suit incurred as a result of this action;
4. That the City Defendants be awarded their attorneys' fees and litigation expenses incurred as a result of this action; and

1     5.     That the Court award such other and further relief as the Court deems
just and proper.

Dated: January 28, 2009     RUTAN & TUCKER, LLP

By: _____
PHILIP D. KOHN
Attorneys for Defendants CITY OF
LAGUNA BEACH, LAGUNA
BEACH POLICE DEPARTMENT
and CITY COUNCIL OF THE CITY
OF LAGUNA BEACH

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On January 28, 2009, I served on the interested parties in said action the within:

**ANSWER OF DEFENDANTS TO COMPLAINT**

by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached mailing list.

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 28, 2009, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Janet Bechtel
(Type or print name)                 (Signature)

130/053733-0551
986712.01 a01/28/09

# SERVICE LIST

| | |
|---|---|
| Andra B. Greene, Esq.<br>Jill R. Sperber, Esq.<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, #400<br>Newport Beach, CA 92660-6324 | Attorneys for Plaintiffs<br>MARK SIPPRELLE, HELENE AYRES,<br>FELIPE RUIZ, ROBERT CARMICHAEL and<br>PAUL ISHAK<br><br>Telephone: (949) 760-0991<br>Facsimile: (949) 760-5200 |
| Mark D. Rosenbaum, Esq.<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>1313 W. 8th Street<br>Los Angeles, CA 90017 | Attorneys for Plaintiffs<br>MARK SIPPRELLE, HELENE AYRES,<br>FELIPE RUIZ, ROBERT CARMICHAEL and<br>PAUL ISHAK<br><br>Telephone: (213) 977-9500<br>Facsimile: (213) 977-5297 |
| Hector Villagra, Esq.<br>ACLU FOUNDATION OF SOUTHERN CALIFORNIA<br>2140 W. Chapman Avenue, Suite 209<br>Orange, CA 92868 | Attorneys for Plaintiffs<br>MARK SIPPRELLE, HELENE AYRES,<br>FELIPE RUIZ, ROBERT CARMICHAEL and<br>PAUL ISHAK<br><br>Telephone: (714) 450-3962<br>Facsimile: (714) 937-1018 |
| Erwin Chemerinsky (Of Counsel)<br>University of California, Irvine<br>School of Law<br>401 E. Peltason<br>Irvine, CA 92697-8000 | Attorneys for Plaintiffs<br>MARK SIPPRELLE, HELENE AYRES,<br>FELIPE RUIZ, ROBERT CARMICHAEL and<br>PAUL ISHAK<br><br>Telephone: (949) 824-7722 |

130/053733-0551
986712.01 a01/28/09